# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MARK L. LEVY, D.D.S.,** *et al.***,**
    **Plaintiffs,**

             **Case No.: 2:09-cv-723**

  **v.**           **JUDGE GREGORY L. FROST**
             **Magistrate Judge Mark R. Abel**

**CAIN, WATTERS &**
**ASSOCIATES, P.L.L.C.,**
    **Defendant.**

## OPINION AND ORDER

On February 25, 2010, Plaintiffs filed Plaintiffs' Motion Requesting Conference Regarding Enforcement of January 15, 2010 Order (Doc. # 37), which this Court granted (Doc. # 38).  A status conference was scheduled for March 11, 2010.  On March 8, 2010, Defendant filed its Memorandum in Response to Plaintiffs' Motion Requesting Conference Regarding Enforcement of January 15, 2010 Order.  (Doc. # 37.)

The issue brought before the Court in Plaintiffs' motion and Defendant's response memorandum is the meaning of a particular section of the Court's January 15, 2010 Opinion and Order.  (Doc. # 36.)  Specifically, the parties disagree as to whether the Court ordered arbitration of all seven of the claims for relief filed by Plaintiff or whether it ordered arbitration of only five of the claims, withholding its decision as to the two Investment Advisory Act claims.  During the status conference, the Court informed the parties that the decision was intended to order only five of the claims to arbitration.  Of course, the parties were free to arbitrate all of the claims if they agreed to do so, but this Court determined that it could not require, at this time, the arbitration of the Investment Advisory Act claims.  Defendant requested that the Court issue an order clarifying its previous Opinion and Order, to which the Court agreed.

In the previous Opinion and Order, the Court stated in the section titled "Stay or Dismiss":

> Defendant argues that, notwithstanding the plain language of the [Federal Arbitration Act], the Sixth Circuit has interpreted Section 3 as allowing dismissal of cases in which all claims are referred to arbitration. (Doc. # 18 at 8) (citing *Hensel v. Cargill, Inc.*, 1999 U.S. App. LEXIS 26600,1999 WL 993775, at *4 (6th Cir. Ohio Oct. 19, 1999)). Thus, Defendant requests that the Court dismiss, as opposed to stay, this action because it claims that there are no claims that are not arbitrable. Defendant's argument is not well taken.

(Doc. # 36 at 12.)

What the Court meant by this is that Defendant's argument–that the Court should dismiss, as opposed to stay, this action because all claims are referred to arbitration–was not well taken. That is, all claims were not referred to arbitration, and therefore, the Court was not inclined to dismiss this action. That is why the Court then went on to stay this action as opposed to dismissing it: "Accordingly, the Court **GRANTS** Defendant's Motion to Compel Arbitration and to Dismiss or Stay as it relates to its request to stay this action pending arbitration." *Id.* at 12-13.

Perhaps the better way to have expressed this conclusion would have been to state that the Court granted the request for a stay and to compel arbitration of five of Plaintiff's claims and denied Defendants' request to compel arbitration of the Investment Advisory Act claims and to dismiss this action in its entirety.

Based on the foregoing, the Court **ORDERS ARBITRATION** of Plaintiff's claims for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C.§ 2201, common law breach of fiduciary duty, common law negligence, violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, and, violations of the Ohio Securities

Act. Ohio Rev. Code § 1707.01 *et seq.* Plaintiff's claims under the Investment Advisory Act of 1940, 15 U.S.C. § 80b-1 *et seq.* are not ordered to arbitration. The Court **ADMINISTRATIVELY RE-OPENS** this case and **DIRECTS** the Clerk to file the instant Opinion and Order and to, then, **ADMINISTRATIVELY CLOSE** this action. As this Court directed in the previous Opinion and Order on the arbitration issue, the Court reiterates: "The parties shall advise this Court once the arbitration is concluded so that a status conference on the remaining issues, if any, may be scheduled." *Id.* at 19-20.

 **IT IS SO ORDERED**.

       /s/ Gregory L. Frost
       GREGORY L. FROST
       UNITED STATES DISTRICT JUDGE