IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK L. LEVY, D.D.S.,** *et al.***,**
    **Plaintiffs,**

    v.

**CAIN, WATTERS &**
**ASSOCIATES, P.L.L.C.,**
    **Defendant.**

Case No.: 2:09-cv-723
**JUDGE GREGORY L. FROST**
Magistrate Judge Mark R. Abel

### OPINION AND ORDER

This matter is before the Court on Defendant's motion to stay (Doc. # 42), Plaintiffs' memorandum in opposition to Defendant's motion (Doc. # 45), and Defendant's reply memorandum (Doc. # 46). For the reasons that follow, the Court **GRANTS** Defendant's motion.

### I.  Background

On January 15, 2010, this Court issued an Opinion and Order in which it granted Defendant's motion to compel arbitration. (Doc. # 36.) In that decision, the Court ordered five of Plaintiffs' claims to arbitration and withheld decision on Plaintiffs' two claims filed under the Investment Advisers Act of 1940, 15 U.S.C. § 80b-1 *et seq.* ("IAA"), pending the outcome of the arbitration. The Court ordered the parties to contact it once the arbitration was complete so that, if the two IAA claims were still at issue, the Court would issue a schedule pertaining to the consideration of those two claims.

The parties requested that the Court clarify this Opinion and Order, which the Court did. (Doc. # 40.) In the clarification the Court explained that, notwithstanding its statement that it had granted Defendant's motion to compel arbitration, it had ordered only five of Plaintiffs'

1

seven claims to arbitration. The Court stated:

> Perhaps the better way to have expressed this conclusion would have been to state that the Court granted [Defendant's] request for a stay and to compel arbitration of five of Plaintiffs' claims and denied Defendant's request to compel arbitration of the [IAA] claims and to dismiss this action in its entirety.

*Id.* at 2.

On March 26, 2010, Defendant filed a notice of appeal of this Court's clarification decision. (Doc. # 41.) Defendant has now filed a motion requesting that the Court stay this action pending the outcome of that appeal. That motion is ripe for review.

## II. Discussion

In their memorandum in opposition to Defendant's motion to stay, Plaintiffs argue that Defendant appealed this Court's order granting a stay of arbitration as to the IAA claims, which is not appealable under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"). Plaintiffs rely upon Section 16(b)(1) of the FAA, which states that "an appeal may not be taken from an interlocutory order -- (1) granting a stay of any action under section 3 of this title [9 U.S.C.S. § 3][."] Defendant, however, contends that it did not appeal this Court's stay of this action, but instead appealed this Court's denial of Defendant's request to compel arbitration as to the IAA claims. Defendant relies upon Section 16(a)(1)(B) of the FAA, which provides that "[a]n appeal may be taken from -- (1) an order -- (B) denying a petition under section 4 of this title [9 U.S.C.S. § 4] to order arbitration to proceed[.]" Under that section, Defendant contends, this Court was divested of jurisdiction upon Defendant's appeal and the action is stayed as a matter of course. Defendant's argument is well taken.

First, the Court agrees with Defendant's assessment of its appeal. Defendant appealed this Court's clarification decision wherein the Court specifically stated that the IAA claims were

"not ordered to arbitration," opining that, "[p]erhaps the better way to have expressed [its previous] conclusion would have been to state that the Court . . . denied Defendants' request to compel arbitration of the [IAA] claims[.]"  (Doc. # 40 at 2, 3.)

Second, the Court finds persuasive Defendant's legal argument.  That is, while the United States Court of Appeals for the Sixth Circuit has not directly spoken to the issue of whether an appeal under Section 16(a) of the FAA divests the trial court of jurisdiction and effectively stays the action pending decision from the circuit court, the majority of circuits that have addressed it have held that it does.  *See, e.g., Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 214 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158, 1162-1163 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 505 (7th Cir. 1997).  Moreover, a sister district court has analyzed this issue in an opinion and order that held that a district court is divested of jurisdiction during the pendency of an appeal filed under Section 16(a).  This Court finds that decision on point, well reasoned, and instructive.

In *Cambio Health Solutions v. Reardon*, 228 F. Supp.2d 883, 884 (M.D. Tenn 2002), the court, "granted the [counter-defendants'] motion to compel arbitration in part and denied it in part."  The counter-defendants appealed that decision to the Sixth Circuit under Section 16(a) of the FAA.  The district court explained that there is a circuit split on the issue of whether a district court is divested of jurisdiction during the pendency of an appeal filed under Section 16(a) of the FAA.  The district court recognized that the Sixth Circuit had not spoken to the issue and stated:

> The court is mindful, however, that there is Sixth Circuit authority holding that the filing of a notice of appeal is an event of jurisdictional significance, even when the notice of appeal is taken from an interlocutory order.  *See Fort Gratiot Sanitary Landfill v. Michigan Dep't of Natural Resources*, 71 F.3d 1197, 1203

(6th Cir. 1995). In *Fort Gratiot*, the Sixth Circuit stated:

> It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. *See, e.g.*, *Keohane v. Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir.1963) (holding void orders entered by a district court after notice of appeal from interlocutory order), *aff'd per curiam*, 328 F.2d 615 (6th Cir.1964); *see also* 16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice and Procedure § 3949 (1977 & Supp. 1995) (explaining jurisdictional rules after a case is appealed). As a leading treatise states, "once an appeal has been taken from the judgment, the district court no longer has jurisdiction over the case and cannot reopen the judgment to allow an amendment to be made." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1489 (1990) (footnote omitted).
>
> *Id.* The holding of *Keohane v. Swarco, Inc.*, which was cited with approval in *Fort Gratiot*, is old but remains good law. Until it is overturned, it remains binding upon this court. Consequently, the court concludes that it lacks jurisdiction to entertain further proceedings in this case.

*Id.* at 885-86 (footnote omitted).

This Court is persuaded by the *Reardon* court's analysis and conclusion and adopts it herein. Defendant here has appealed this Court's decision clarifying its Opinion and Order that effectively granted in part and denied in part defendant's motion to compel arbitration. Until the Sixth Circuit rules on the appeal of that decision, this Court lacks jurisdiction to entertain further proceedings in this case.

### III.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendant's motion to stay.  This case is stayed pending issuance of the decision from the Sixth Circuit on Defendant's appeal.

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**